## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BB ENERGY MANAGEMENT S.A., | : | |
| Plaintiff | : | |
| | : | |
| v. | : | 3:09-cv-526 (CFD) |
| | : | |
| | : | |
| AMSPEC SERVICES, LLC, | : | |
| Defendants | : | |

## RULING ON CROSS-MOTION FOR SANCTIONS AND MOTION TO REINSTATE

## SUPPLEMENTAL RULE B ATTACHMENT

The defendant, AmSpec Services, LLC ("AmSpec"), moved for sanctions against the

plaintiff, BB Energy Management S.A. ("BB Energy"), and its attorney, Thomas L. Tisdale,

pursuant to the Court's inherent powers and 28 U.S.C. § 1927.  AmSpec bases its request for

sanctions on two proceedings that Tisdale initiated on behalf of BB Energy pursuant to

Supplemental Rule B for Certain Admiralty and Maritime Claims of the Federal Rules of Civil

Procedure.  AmSpec alleges that these proceedings were filed for an improper purpose, were

unreasonable and vexatious, served only to harass AmSpec, and were based on

misrepresentations to the Court.  AmSpec seeks reasonable attorney's fees and expenses in

having to defend the two Supplement Rule B actions in question.

In response, BB Energy has moved for sanctions against AmSpec, alleging that

AmSpec's motion for sanctions is meritless and that AmSpec has committed fraud on the Court

by claiming it had an agent for process at the time BB Energy initiated the Supplemental Rule B

-1-

action when no such agent in fact existed.  BB energy claims that it is entitled to attorney's fees

and costs under the Court's inherent powers and 28 U.S.C. § 1927.[1]  BB Energy also moves to

reinstate its Supplemental Rule B attachment of AmSpec's property in the district.

      For the reasons that follow, AmSpec's motion for sanctions is denied, BB Energy's cross-

motion for sanctions is denied, and BB Energy's motion to reinstate the Supplemental Rule B

attachment is granted.

## I.  <u>Background</u>

      The alleged sanctionable conduct arises out of two Supplemental Rule B proceedings

brought by BB Energy.[2]  On February 19, 2009, BB Energy filed an action in the United States

District Court for the Southern District of New York seeking a Supplemental Rule B attachment

of AmSpec's property in the jurisdiction.  That lawsuit arose out of AMPSEC's allegedly

negligent inspection and sampling of cargo tanks on one of BB Energy's vessels in Texas.  BB

Energy claims that because of AmSpec's alleged negligence, BB Energy suffered damages

totaling $234,735.54.  AmSpec was not present in the jurisdictional sense in the Southern District

of New York, although it did have property in New York and was present in the adjacent forum

---

[1] During oral argument on this motion, BB Energy declared that it was also seeking sanctions against AmSpec under Rule 11 of the Federal Rules of Civil Procedure.  Because BB Energy did not move for Rule 11 sanctions in any of its motion papers to the Court, the Court decides the motion based solely on the Court's inherent powers and 28 U.S.C. § 1927.

[2] Counsel for AmSpec has alleged that Mr. Tisdale should be sanctioned for filing a Supplemental Rule B action in BB Energy's name when Mr. Tisdale really represents BB Energy's insurance company, Generali Assicurazioni S.p.A.  Mr. Tisdale, however, has asserted that the subrogation of BB Energy's claims is allowed by BB Energy's insurance policy.  Because AmSpec has provided no evidence that Mr. Tisdale is misrepresenting his ability to bring this subrogation action, the Court does not find any reason to sanction Mr. Tisdale on this basis.

of New Jersey.  In its prayer for maritime attachment, BB Energy did inform the Court that AmSpec was present in New Jersey, but BB Energy argued that because an apparent forum selection clause in the agreement between BB Energy and AmSpec required litigation in the place where the services were provided (Texas), BB Energy would be unable to litigate the dispute in New Jersey.

In response, AmSpec demanded that BB Energy vacate the writ of attachment, claiming that BB Energy made "questionable representations to the Court" regarding the adjacent forum of New Jersey.  Def.'s Ex. D.  BB Energy agreed to dismiss the New York action without prejudice.  BB Energy claims that it did so based on its desire to avoid argument on the claim of "presence in the adjacent jurisdiction" and because it learned that AmSpec had property in Connecticut in the form of a debt owed to AmSpec by a Stamford, Connecticut company named "Glencore."

Before filing a Supplemental Rule B action in the District of Connecticut, BB Energy conducted various searches to see if AmSpec was present in the District.  According to BB Energy, paralegal Dawn Kubie (who works for BB Energy's counsel in this case) checked the Connecticut Secretary of State online database to determine whether AmSpec had a registered agent for service of process in Connecticut.  Kubie claims that after typing "Amspec" into the search engine, the only result she received was a dissolved company named "Am Spec LLC." Based on this information and a search of the Connecticut yellow and white pages on the Internet, BB Energy concluded that AmSpec was not present in the District of Connecticut.  Thereafter BB Energy filed a new Supplemental Rule B attachment, this time in the District of Connecticut, on April 2, 2009.

In response, AmSpec filed a motion to vacate on May 28, 2009, arguing that AmSpec was

present in the District because it had an agent for service of process, Leslie Shapiro, in New

Haven, who has been their designated agent since August 18, 1997.  AmSpec further argued that

"a simple search of the registered agent website" of the Connecticut Secretary of State would

have uncovered his presence.  Def. Mot. to Vacate at 3.  BB Energy alleges that it missed

discovering this registration through simple error.  Specifically, BB Energy states that

Connecticut's search engine is different than those in other states where "keyword" searches will

reveal more results.  In Connecticut, the precise name of the company is required to obtain the

correct result.  Based on AmSpec's apparent presence in the District, this Court granted

AmSpec's motion to vacate the Rule B attachment on May 29, 2009.

On May 7, 2009, AmSpec changed its agent for service of process to "Corporation

Service Company."  Subsequently, after the second Supplemental Rule B action was dismissed,

BB Energy learned that AmSpec's apparent agent for service of process at the time of the Rule B

filing, Leslie Shapiro, had not been at the address alleged by AmSpec (and specified in the

Secretary of State's information) since 1999.

## II.   Discussion

### A.   Motions for Sanctions

Under 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any

case unreasonably and vexatiously may be required by the court to satisfy personally the excess

costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  The reach of §

1927 is limited.  The Second Circuit has held that because the potential for abuse of the statute is

great, the statute should be "construed narrowly and with great caution."  Mone v. C.I.R., 774

F.2d 570, 574 (2d Cir. 1985).  The Court may only impose sanctions under § 1927 if "there is a

clear showing of bad faith on the part of an attorney." <u>On Time Aviation, Inc. v. Bombardier</u>
<u>Capital Inc.</u>, 570 F.Supp.2d 328, 331 (D. Conn. 2008) (quoting <u>Shafii v. British Airways, PLC</u>,
83 F.3d 566, 571 (2d Cir. 1996)).  Bad faith may be inferred only if the actions "are so
completely without merit as to require the conclusion that they must have been undertaken for
some improper purpose such as delay." <u>Id.</u> (quoting <u>Schlaifer Nance & Co., Inc. v. Estate of</u>
<u>Warhol</u>, 194 F.3d 323, 336 (2d Cir. 1999)).

　　　The ability to sanction conduct that abuses the judicial process is also recognized under
the Court's inherent powers.  <u>See</u> <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 44 (1991).  Under this
inherent power, the Court may assess attorney's fees if a party has practiced fraud upon the court
or if "the very temple of justice has been defiled." <u>Id.</u> at 46.  As with sanctions under § 1927, the
Court may only impose sanctions under its inherent powers if the Court specifically finds that the
attorney acted in bad faith.  <u>See</u> <u>Wolters Kluwer Fin. Servs., Inc. v. Scivantage</u>, 564 F.3d 110,
114 (2d Cir. 2009).  Additionally, "inherent-power sanctions are appropriate only if there is clear
evidence that the conduct at issue is (1) entirely without color and (2) motivated by improper
purposes." <u>Id.</u>  Conduct is "entirely without color" if it lacks any legal or factual support.  <u>Id.</u>
Both the findings of bad faith and that the conduct is without color must be supported by a high
degree of factual specificity.  <u>See</u> <u>Eisemann v. Greene</u>, 204 F.3d 393, 396 (2d Cir. 2000).

*i.     AmSpec's Motion for Sanctions*

　　　AmSpec seeks sanctions claiming that BB Energy has filed two baseless Supplemental
Rule B proceedings against them.  AmSpec argues that in filing these proceedings BB Energy has
acted only to harass AmSpec, has unreasonably and vexatiously multiplied the proceedings, and
has made blatant misrepresentations to the court.  AmSpec has not satisfied the high burden of

demonstrating bad faith on the part of BB Energy, and therefore AmSpec's motion for sanctions must be denied.

Although AmSpec places great emphasis on the fact that this is the second "baseless" Supplemental Rule B action filed by BB Energy, the facts do not support the claim that the actions were baseless or served only to harass.  AmSpec claims that the initial Supplemental Rule B filing in New York was improper and based on questionable representations made by BB Energy to the District Court for the Southern District of New York regarding the unavailability of the adjacent forum in New Jersey.  BB Energy did notify the District Court that AmSpec was present in New Jersey, but argued that it was not a convenient adjacent forum because a forum selection clause in the contract between BB Energy and AmSpec called for litigation in the place where services were provided—which in this case would be Texas.  AmSpec has put forward no evidence that this forum selection clause did not exist or that this was a deliberate misrepresentation.  Additionally, the availability of a "convenient adjacent forum" does not automatically make the Supplemental Rule B attachment invalid.  Rather, the availability of a convenient adjacent forum gives the Court the *discretion* to dismiss the Supplemental Rule B attachment.  See Transportes Navieros y Terrestres S.A. de C.V. v. Fairmount Heavy Transp., N.V., 572 F.3d 96 (2d Cir. 2009); Aqua Stoli Shipping Ltd. v. Garnder Smith Pty. Ltd., 460 F.3d 434, 445 (2d Cir. 2006).

Additionally, AmSpec claimed that BB Energy made patently false representations to this Court when it claimed that AmSpec was a foreign corporation that could not be found in the District of Connecticut.  The facts, however, demonstrate that any failure on the part of BB Energy to find the registration for Leslie Shapiro on the Secretary of State's database was simple

error, not deliberate bad faith.  Additionally, because for the past ten years Leslie Shapiro has not lived at the address noted on the Secretary of State's database, BB Energy arguably did not misrepresent the facts at all.  Therefore, because there is no specific evidence of bad faith on the part of BB Energy, AmSpec's motion for sanctions is denied.

ii.      *Plaintiff's Cross-Motion for Sanctions*

BB Energy cross-claims for sanctions against AmSpec based on AmSpec's sanctions motion and AmSpec's declaration that it has an agent for process in the District of Connecticut when no such agent has existed at the designated address for ten years.  BB Energy has not met the high burden of showing bad faith on the part of AmSpec, and therefore BB Energy's cross-motion for sanctions is denied.

BB Energy claims that by asserting that BB Energy's initial Supplemental Rule B proceeding was baseless, AmSpec is making material misrepresentations of both law and fact to the Court.  BB Energy further asserts that by continuing to claim that it had an agent for service of process in Connecticut at the time of the second Rule B attachment, AmSpec commits fraud on the court.   Although AmSpec makes unavailing arguments on both counts, their arguments are not so completely without merit that they reach the high standard of bad faith.  For instance, although BB Energy's Rule B action in the Southern District of New York was not "baseless," AmSpec could make a colorable claim that New Jersey was a convenient adjacent forum.  Moreover, though a more tenuous argument, AmSpec *technically* had an individual listed as an agent for service of process, even though it was impossible for that agent to be served.  Therefore, although AmSpec loses on the merits of both of its claims, its allegations do not quite reach the high standard of bad faith.

B.     Plaintiff's Motion to Reinstate Supplemental Rule B Attachment

An inherent component of the maritime jurisdiction of the federal courts is the power to

grant attachments in admiralty.  Aqua Stoli Shipping Ltd. v. Garnder Smith Pty. Ltd., 460 F.3d

434, 437 (2d Cir. 2006).  Under Federal Rules of Civil Procedure Supplemental Rule B, if a

plaintiff has a maritime claim against a defendant who is not found within the district, the

plaintiff may attach the defendant's tangible or intangible property in the district up to the

amount sued for.  Fed. R. Civ. P. Supp. R. B(1)(a); see also Aqua Stoli, 460 F.3d at 445.

In 2005, Supplemental Rule B was amended to state that "[i]f a defendant is not found

within the district when a verified complaint praying for attachment and the affidavit required by

Rule B(1)(b) *are filed*" then attachment is proper.  See Fed. R. Civ. P. Supp. R. B(1)(a).  The

Advisory Committee notes to Supplemental Rule B state that "A defendant cannot defeat the

security purpose of attachment by appointing an agent for service of process after the complaint

and affidavit are filed."  See also Heidmar, Inc. v. Anomina Ravennate di Armamento Sp.A, 132

F.3d 264 (5th Cir. 1998) (finding that defendant was not present in the district even though it

designated an agent for service of process 15 minutes after plaintiff filed its complaint); Parkroad

Corp. v. China Worldwide Shipping Co. Ltd., No. 05 CV 5085(GBD), 2005 WL 1354034

(S.D.N.Y. June 6, 2005) (citing *Heidmar* for the proposition that defendant must be present in

the jurisdiction at the time of filing).

To be present or "found" in a district, the entity must be found in terms of jurisdiction and

found in terms of service of process.  See STX Panocean (UK) Co. Ltd. v. Glory Wealth

Shipping Pte Ltd., 560 F.3d 127, 130 (2d Cir. 2009).  Sufficient contacts with a jurisdiction

under *International Shoe* is not sufficient to support a conclusion that the defendant is found

within a district if there is no "actual presence that would allow a plaintiff to locate the defendant

. . . for service of process."  Id. at 131; see also Aqua Stoli Shipping LTD. v. Gardner Smith

PTY LTD, 460 F.3d 434 (2d Cir. 2006) (noting that it is not sufficient for a defendant to be

present in a jurisdictional sense if he cannot be found for service of process).

Although federal law defines the requirements necessary to satisfy Rule B, state law

determines if those requirements are satisfied.  See STX Panocean, 560 F.3d at 131.  Under

Conn. Gen. Stat. § 33-929(a) (2005), service on a registered agent of a foreign corporation

authorized to transact business in the state is accomplished "by leaving a true and attested copy

of the process, notice or demand with such agent or, in the case of an agent who is a natural

person, by leaving it at such agent's usual place of abode in this state."  See also Conn. Gen. Stat.

§ 33-1219(a) (2005) (stating the same rule for foreign nonstock corporations).

When BB Energy filed its Supplemental Rule B motion on April 2, 2009, service of

process could not have been left with the registered agent, Leslie Shapiro, because he was not

located at the address claimed by AmSpec.  Additionally, it appears that after further

investigation, BB Energy "has found that there is no such agent in Connecticut."  Therefore, BB

Energy could not serve AmSpec at its agent's usual place of abode in the state.  Because AmSpec

could not be found for service of process, AmSpec was not "present in the district" at the time of

the initial attachment.  Although AmSpec does now have a registered agent for service of process

in Connecticut, the relevant time period for assessing presence is at the time of filing of the

complaint.  Therefore, because AmSepc was not actually present at the time the complaint was

filed, Rule B attachment was proper and should be reinstated.

**III.    Conclusion**

Accordingly, AmSpec's motion for sanctions [Dkt # 21] is DENIED; BB Energy's cross-motion for sanctions [Dkt # 23] is DENIED; and BB Energy's motion for reinstatement of Rule B attachment is GRANTED.

SO ORDERED this ___28th___ day of September 2009, at Hartford, Connecticut.


 /s/Christopher F. Droney_____
**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**